**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GLIDY LEMUS PERALTA; et al.,

           Petitioners,

  v.

MERRICK B. GARLAND, Attorney
General,

           Respondent.

No. 22-1493

Agency Nos.
A208-261-050
A208-261-051

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2023[**]

Before:    CANBY, CALLAHAN, and OWENS, Circuit Judges.

Glidy Lemus Peralta and her minor daughter, natives and citizens of

Honduras, petition pro se for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision

denying petitioners' application for asylum, and Lemus Peralta's applications for

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Substantial evidence supports the agency's determination that petitioners failed to establish they were or would be persecuted on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *see also Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (a personal dispute, standing alone, does not constitute persecution on account of a protected ground).

The BIA did not err in declining to consider petitioners' contentions regarding a political opinion and proposed particular social groups that were raised for the first time to the BIA. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (BIA did not err in declining to consider argument raised for the first time on appeal). We do not consider these claims because the BIA did not decide the issues. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the BIA). We also do not consider petitioners' contentions as to whether the harm suffered rose to the level of persecution because the BIA did not deny relief on this ground. *See id.* Thus,

22-1493

petitioners' asylum claim fails.

Because Lemus Peralta failed to establish any nexus at all, she also failed to satisfy the standard for withholding of removal. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017).

Because Lemus Peralta does not contest the BIA's determination that she waived challenge to the IJ's denial of CAT protection, we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

Petitioners' contention that the immigration judge lacked jurisdiction over their proceedings is foreclosed by *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188, 1193 (9th Cir. 2022) (en banc) (lack of hearing information in notice to appear does not deprive immigration court of subject matter jurisdiction, and 8 C.F.R. § 1003.14(a) is satisfied when later notice provides hearing information).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**